09-1783-ag
Cheng v. Holder

BIA
Abrams, IJ
A094 789 272

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of March, two thousand ten.

PRESENT:
ROBERT D. SACK,
REENA RAGGI,
RICHARD C. WESLEY,
Circuit Judges.

_____

QIKANG CHENG,
Petitioner,

v.                                          09-1783-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
Respondent.

_____

FOR PETITIONER: Gary J. Yerman, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Kristin A. Moresi, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED, in part, and DISMISSED, in part.

Petitioner Qikang Cheng, a native and citizen of the People's Republic of China, seeks review of an April 3, 2009 order of the BIA affirming the July 23, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qikang Cheng*, A094 789 272 (B.I.A. Apr. 3, 2009), *aff'g* No. A094 789 272 (Immig. Ct. N.Y. City Jul. 23, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. *See Corovic v. Mukasey*, 519 F.3d

2

90, 95 (2d Cir. 2008).  In finding Cheng not credible, the IJ relied on the following: (1) his assessment of Cheng's demeanor; (2) the implausibility of Cheng's testimony that he had been practicing Falun Gong for over a year and a half given his inability to perform several important steps in the exercises; (3) inconsistencies between Cheng's testimony and that of his cousin regarding when Cheng practices Falun Gong; and (4) Cheng's failure to produce corroborating evidence.  Cheng does not challenge these findings with any specificity, arguing only that the discrepancy over when he performs Falun Gong is too minor to support an adverse credibility determination.  We are not persuaded.  "[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible."  *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)).

The totality of the record in this case supports the IJ's adverse credibility determination.  In urging otherwise, Cheng challenges the IJ's finding that his failure to mention in his asylum application the length of time that Chinese authorities forced him to kneel supports

3

an adverse credibility determination.  Although asylum applicants are not required to list every detail of claimed persecution on their I-589 forms, *see Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), we perceive no error in the IJ's reliance on this omission as it directly pertains to the claim of persecution, *see Xiu Xia Lin*, 534 F.3d at 167 (holding that alien's failure to include length of detention in asylum application was substantial evidence supporting IJ's adverse credibility determination).

The IJ also found implausible Cheng's testimony regarding how he first learned about Falun Gong and whether he was required to sign a written notice following his release from detention.  Although Cheng challenges these implausibility findings, we are not "left with the definite and firm conviction that a mistake has been committed." *Wenshang Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). Because the findings Cheng does not challenge, combined with those discussed above, constitute substantial evidence supporting the IJ's adverse credibility determination, we deny the petition for review, in part.

Finally, to the extent Cheng challenges the IJ's denial of withholding of removal and CAT relief, we lack

4

jurisdiction to consider these arguments as Cheng failed to exhaust them before the BIA.  *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006). Accordingly, we dismiss the petition for review, in part.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk